FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ NOV 21 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA,

**MEMORANDUM & ORDER**

**11-CR-244 (NGG)**

-against-

HASAAN STEEL,

Defendant.

----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

At sentencing, the court reserved decision on whether to grant Defendant's motion to amend the forfeiture order to require the Government to use forfeiture funds to compensate Defendant's victims and thereby reduce the amount of forfeiture due. (See Oct. 5, 2012, Ltr. (Dkt. 29).) Defendant's motion is DENIED. However, the Government's proposed forfeiture order is MODIFIED for the reasons set forth below.

**I. BACKGROUND**

On May 24, 2011, Defendant Hasaan Steel was charged by Superseding Indictment with eight counts of wire fraud and one count of money laundering. The allegations arose from Defendant's scheme to defraud potential investors with false promises of substantial gains in the stock, real estate, and commodities markets. (Superseding Indictment (Dkt. 13).)

On February 26, 2012, Defendant pled guilty to one count of wire fraud. (Feb. 16, 2012, Minute Entry (Dkt. 25).) As part of his plea agreement, Defendant agreed to pay $455,000 as a criminal forfeiture to the Government. (Plea Agreement (Court's Ex. 1), ¶ 5.) Shortly after reaching this disposition, Defendant moved to amend the forthcoming forfeiture order to read:

1

> The United States Department of Justice shall use any forfeited funds to pay any restitution ordered by the Court until the total amount [of] restitution is satisfied. Such credited funds shall diminish the total amount of forfeiture.

(Feb. 24, 2012, Def. Ltr. (Dkt. 26)).) The Government opposed this request. (Oct. 25, 2012, Gov't Ltr. (Dkt. 30).)

On November 5, 2012, the court sentenced Defendant to 24 months of imprisonment, three years of supervised release with certain conditions, and a $100 mandatory special assessment. After hearing argument on Defendant's motion to modify the forfeiture order, the court reserved decision.

## II. DISCUSSION

Two separate yet intertwined areas of criminal law are at issue in the court's decision: the laws of forfeiture and restitution.

In imposing sentence on a defendant convicted of wire fraud, a violation of 18 U.S.C. § 1343, a district court must order forfeiture of "any ill-gotten gains constituting or derived from proceeds traceable to his offense." (Oct. 25, 2012, Gov't Ltr. at 2). See also 28 U.S.C. § 2461(c); 18 U.S.C. § 981(c); United States v. Monsanto, 491 U.S. 600, 606 (1989).

Likewise, under the Mandatory Victims Restitution Act ("MVRA"), a district court must order a defendant convicted of a felony "committed by fraud or deceit" to "make restitution to the victim of the offense." 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). "The purpose of restitution is to compensate victims for their losses." United States v. Pescatore, 637 F.3d 128, 138 (2d Cir. 2011).

The interplay between these statutory mandates is somewhat unsettled. It is clear that "[f]orfeiture and restitution are separate remedies with different purposes." Id. at 137. "These remedies are authorized by separate statutes, and their simultaneous imposition offends no

2

constitutional provision." United States v. Kalish, 626 F.3d 165, 169 (2d Cir. 2010).

Despite their distinct goals, however, these two doctrines logically overlap. As mentioned, forfeiture aims to rid a defendant of his ill-gotten gains. See Kalish, 626 F.3d at 169. (See also Oct. 25, 2012, Gov't Ltr. at 2.) And restitution compensates victims. Pescatore, 637 F.3d at 138. Thus, if a defendant makes a restitution payment, "it is a least arguable that any money returned to a victim has reduced the amount of 'ill-gotten' gains remaining in the defendant's possession." Kalish, 626 F.3d at 170.

Therefore, the Second Circuit in Kalish recognized that restitution payments *may* warrant a set-off against any remaining forfeiture amount. See id. at 169-70 (noting a defendant who has made a restitution payment "would be in a position to argue that such a payment should be a credit against any remaining forfeiture amount"); cf. United States v. Bengis, 631 F.3d 33, 41 (2d Cir. 2011) ("We leave to the district court's determination . . . whether any off-set [to a restitution order] should apply, and if so, whether there should be one based on the forfeiture."); United States v. Barnette, 902 F. Supp. 1522, 1531 (M.D. Fla. 1995) (holding, pre-MVRA, that restitution payments "would be a set-off against any forfeiture"). This possibility seems particularly appropriate where, as here, a victim's loss directly corresponds to a defendant's gain.

However, the Second Circuit did not resolve the issue in Kalish because that defendant had not made any such payment. Kalish, 626 F.3d at 170. And other Circuits have not endorsed this theory. See United States v. Emerson, 128 F.3d 557, 566-68 (7th Cir. 1997) (upholding a district court's imposition of simultaneous, but not off-setting, forfeiture and restitution orders); United States v. Various Computers & Computer Equip., 82 F.3d 582, 585-89 (3d Cir. 1996) (ruling that a forfeiture order requiring transfer of stolen property, after imposition of a restitution order, did not violate the Double Jeopardy Clause); United States v. Feldman, 853

F.2d 648, 663-64 (9th Cir. 1988) (upholding the imposition of a restitution order, as part a reduced sentence, and a forfeiture order against an Eighth Amendment challenge).

Here, however, the possibility of a credit for restitution payments against the amount owed as a forfeiture recognized in Kalish cannot apply. Defendant Steel explicitly agreed to pay the Government $455,000 as forfeiture without any mention of any set-off. (Plea Agreement ¶ 5.) Defendant's motion seeks to alter this agreement and affect the balance struck with the Government because it seeks to reduce the amount due to the Government. (See Feb. 24, 2012, Def. Ltr. (asking the court to order that restitution payments will "diminish the total amount of forfeiture").) The motion must therefore be denied.[1]

Even though Defendant may not credit any forfeiture payment to reduce his restitution obligations, the court is not satisfied that it is appropriate to assign equal priority to the Forfeiture and Restitution Orders. While the court is mindful of the independence that the Attorney General enjoys in controlling the disposition of forfeiture funds, see 21 U.S.C. § 853(i); Pescatore, 637 F.3d at 138, it is not apparent why victims of criminal activity should not be compensated for their proven losses *before* the Government receives a defendant's ill-gotten gains. Indeed, where the Government is entitled to restitution, Congress has mandated that the court "shall ensure that all other victims receive full restitution before the United States receives any restitution." 18 U.S.C. § 3664(i). Similarly, in imposing a fine, a court must impose "a fine or other monetary penalty only to the extent that such fine or penalty will not impair the ability of the defendant to make restitution" to a victim of the offense. 18 U.S.C. § 3572(b). Thus, the

---

[1] Although not explicitly argued by Defendant, it should be noted that he also likely cannot seek to reduce the amount owed in restitution by the amount paid to the Government by way of forfeiture. See Kalish, 626 F.3d at 169 (recognizing the difference between reducing the forfeiture amount by the restitution amount and vice versa). First, the converse of the theory mentioned in Kalish is not true: forfeiture payments do not affect the purpose of restitution since the disgorgement of ill-gotten gains does not compensate victims. Second, the MVRA requires the court to impose a restitution order in the "full amount of each victim's losses," 18 U.S.C. § 3664(f)(1)(A); see Pescatore, 637 F.3d at 138-39, and does not allow for any set-off due to payments made to the Government, see United States v. Alalade, 204 F.3d 536, 540 (4th Cir. 2000).

4

court is properly more concerned with the prompt and likely compensation of victims than the Government's receipt of forfeiture funds.

To this end, the accompanying forfeiture order specifies that any payments made by Defendant Steel shall first be directed to his outstanding restitution obligations. After his restitution has been satisfied, any further payments shall be directed to the Government in satisfaction of the forfeiture order. This solution satisfies all of the competing interests at stake in this case: the victims are entitled to prompt compensation, as required by the MVRA; the Government will then receive $455,000, as required by the plea agreement; and the Attorney General may direct the use of the forfeiture funds as he sees fit.

## III. CONCLUSION

As set forth in accompanying Forfeiture and Restitution Orders, Defendant Steel is ordered to first pay $468,000 in restitution to his victims, and thereafter to pay $455,000 in forfeiture to the Government.[2]

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
November _16_, 2012

NICHOLAS G. GARAUFIS
United States District Judge

---

[2] As ordered at sentencing, Defendant is not obligated to pay any interest on the amount of forfeiture or restitution because the court finds that he lacks the ability to pay this interest. See 18 U.S.C. § 3612(f)(3) (authorizing the court to waive interest "if it believes that the defendant does not have the ability to pay").